## ARMSTRONG CORK CO. v. PATTERSON-SARGENT CO.

### Civil Action No. 25450.

United States District Court, N. D. Ohio, E. D.

July 12, 1948.

216

Howard F. Burns, of Baker, Hostetler & Patterson, all of Cleveland, Ohio, and Walter J. Blenko, of Stebbins, Blenko & Webb, all of Pittsburgh Pa., for plaintiff.

Roy C. Scott, of Calfee, Fogg, McChord & Halter, all of Cleveland, Ohio, for defendant.

JONES, District Judge.

This is an action for damages and for an injunction with respect to an alleged trade-mark infringement.

Plaintiff states that in 1932 the name Linogloss was registered with the United States Patent Office to represent a "polishing preparation for hard surface floor covering" and that on March 9, 1948, "said registration was republished pursuant to Paragraph 12(c) of the Trade-Mark Act of July 5, 1946, 15 U.S.C.A. § 1062 * * *." Plaintiff charges that subsequent to the first registration of its trade-mark, defendant adopted the name Linglo which it applied to a preparation for the treatment of hard surface floor coverings and that such name, especially in view of the similarity in style of defendant's containers to plaintiff's, is an infringement of plaintiff's trade-mark.

In defendant's motion for a more definite statement 17 items are listed. The information sought relates to such matters as how much money plaintiff has spent advertising Linogloss, "from what source or means and upon what basis does Armstrong aver and positively state that 'Linogloss' has met with popular approval * * *," as to exactly when Patterson commenced to manufacture, advertise and sell a varnish for treating and preserving linoleum * * *."

Each and every one of the items concerning which defendant requests a more definite statement appears to relate to evidence only or is otherwise matter which is not proper to be included in a complaint. The information sought is of the type which should be obtained, if needed, under Chapter V, Rules of Civil Procedure, relating to discovery. Under the Rules the pleadings are to be kept short and concise. The purpose of the complaint is to inform the defendant of the charges being made against him and the relief sought. The complaint must be sufficiently clear and definite that the defendant may admit or deny the charges but it need not document the charges with evidentiary references.

In this case plaintiff alleges that defendant has infringed upon its registered trade-mark Linogloss by applying the name Linglo to a product having a use similar to Linogloss, that plaintiff notified defendant in writing of the alleged infringement

but that defendant has continued to use the name Linglo to plaintiff's damage etc.

Form 17, Rules of Civil Procedure is a form to be used in a complaint for infringement of copyright and unfair competition. Taking Form 17 as a standard, the complaint herein is more than adequate in its recital of facts and allegations.

Defendant's motion will be overruled.